UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL B. SPRINGER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 18-cv-12705
Hon. Matthew F. Leitman

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (ECF No. 26)**

In this action, Plaintiff Daryl B. Springer alleged that Defendant Commissioner of Social Security wrongly denied his application for Social Security disability benefits. (*See* Compl., ECF No.1.) Both parties filed cross-motions for summary judgment. (*See* Springer Mot. for Summ. J., ECF No. 16; Comm'r Mot. for Summ. J., ECF No. 19.) In a prior Opinion and Order, the Court granted in part and denied in part Springer's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded for further administrative proceedings. (*See* Opinion and Order, ECF No. 24.) Springer has now filed an Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (the "EAJA" or "Act"), 28 U.S.C. § 2412. (*See* Appl., ECF No. 26.) The Commissioner has filed an Objection to the

1

Application. (*See* Comm'r Obj., ECF No. 27.)  For the reasons explained below, the Application is **GRANTED IN PART AND DENIED IN PART**.

## I

As described in detail in the Court's prior Opinion and Order, the Court granted Springer's motion for summary judgment in part and remanded for further proceedings based upon the Court's conclusion that the Administrative Law Judge ("ALJ") committed reversible error at Step Five of the Social Security Administration's sequential analysis. (*See* Op. and Order, ECF No. 24, PageID.1586-94.)  The Court focused on the ALJ's finding at Step Five that "there were jobs that existed in significant numbers in the national economy that [Springer] could have performed."  (*See id.*, PageID.1586, quoting Second ALJ Decision, ECF No. 12-9, PageID.564–565.) The ALJ based that finding upon testimony by the Vocational Expert ("VE"). (*See id.*) The Court agreed with Springer that the ALJ's Step Five finding was not supported by substantial evidence because the ALJ failed to identify a sufficient basis for concluding that the VE's testimony was reliable. (*See id.*, PageID.1586-94.)

## II

Springer argues that the Court's ruling entitles him to an award of fees and costs under the EAJA.  "The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action."  *Minor v. Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016).  "Under the EAJA, 'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses

2

... unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Glenn v. Commissioner of Social Security.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A) and *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725 (6th Cir. 2014)).

The Commissioner does not dispute that Springer is the prevailing party. (*See* Comm'r Obj., ECF No. 27.) The Commissioner also does not claim that there are special circumstances that warrant denying Springer attorneys' fees. (*See id.*) Thus, Springer is entitled to attorneys' fees unless the Commissioner's position was "substantially justified." 28 U.S.C. § 2412(d).

"The Government bears the burden of proving that a given position was substantially justified." *DeLong*, 748 F.3d at 725. To meet this burden, the Commissioner must demonstrate that his position was "justified to a degree that could satisfy a reasonable person" and that his position had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). The "Commissioner's position may be substantially justified even if a district court rejects it." *DeLong*, 748 F.3d at 725.

In reviewing whether the Commissioner's position "was substantially justified," the Court considers both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2). The Court then makes a single determination of whether the Government's position "as a whole" was substantially justified. *Amezola-Garcia v.*

3

*Lynch*, 835 F.3d 553,555 (6th Cir. 2016) (*quoting E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 Fed.Appx. 607, 615 (6th Cir. 2013)).

### III

The Commissioner argues that his position as a whole was substantially justified because the ALJ made an error of articulation rather than a substantive error:

> When assessing substantial justification, courts in this Circuit distinguish between cases involving "mere articulation" errors, and cases where remand is warranted because the evidence simply does not support the ALJ's decision. Saal Case 4:18-cv-12705-MFL-APP ECF No. 27, PageID.1640 Filed 07/13/20 Page 3 of 17 4 v. Comm'r of Soc. Sec., No. 1:08-cv-347, 2010 WL 2757554, at *2 (W.D. Mich. June 24, 2010) (citing Anderson v. Comm' r of Soc. Sec., No. 98-6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999)), adopted by 2010 WL 2757779 (July 13, 2010); see also Olive v. Comm'r of Soc. Sec., 535 F. Supp. 2d 756, 758-60 (N.D. Ohio 2008). Here, the Court determined that the ALJ did not provide adequate reasoning to explain his determination at step five. (PageID.1592). "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." Anderson, 1999 WL 1045072, at *4. Accordingly, "[t]he ALJ's failure to meet the articulation requirements in a decision in no way necessitates a finding that the Commissioner's position was not substantially justified." Saal, 2010 WL 2757554, at *2 (internal quotation marks omitted); accord Hutchinson v. Comm'r of Soc. Sec., No. 12-cv-11337, 2014 WL 2050859, at *7-9 (E.D. Mich. May 17, 2014) (the Commissioner's position was substantially justified where the case was remanded due "primarily to failure of articulation on the part of the ALJ," and there was not "overwhelming evidence of disability").

(Objection, ECF No. 27, at PageID.1641-42.)

The Court disagrees with the Commissioner's characterization of its ruling. While the Court did find that the ALJ failed to articulate a basis for accepting the VE's testimony at Step Five, the Court did not stop with that finding. The Court additionally

4

concluded that the VE's testimony did not provide a reliable basis for the ALJ's finding that there were jobs that existed in significant numbers in the national economy that Springer could have performed. (*See* Op. and Order, ECF No. 24, PageID.1589-94.) The Court highlighted obvious shortcomings in the VE's testimony and thereby made clear that the ALJ lacked a substantial justification for relying on that testimony. (*See id.*)

The Court likewise concludes that the Commissioner's defense of the ALJ's Step Five finding in this action was not substantially justified. While VE testimony, standing alone, may constitute substantial evidence at Step Five where that testimony "has sufficient indicia of reliability to support a conclusion about whether an applicant could find work," *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019), the VE testimony here plainly lacked such indicia of reliability. The Commissioner was not substantially justified in arguing to the contrary.

Because the Commissioner's position with respect to the Step Five finding, as a whole (i.e., at both the ALJ level and before this Court), was not substantially justified, Springer is entitled to an award of attorneys' fees and costs under the EAJA.

## IV

The Court declines to award Springer the full amount of attorneys' fees he seeks. The Court will sustain a number of the Commissioner's objections to the fees claimed.

First, the Court concludes that Springer is not entitled to recover fees for duplicative work performed by local counsel. *See Phillips v. Commissioner of Social*

*Security*, No. 18-cv-12064, ECF No. 28 (E.D. Mich. 2019) (declining to award duplicative fees for local counsel under the EAJA). The Court will reduce the claimed attorney fee by $422.48, the fee associated with the retention of local counsel.

Second, for the reasons set forth in the Commissioner's Objection, the Court will reduce the claimed fees by subtracting fees for certain clerical functions performed by law clerks. (*See* Comm'r Obj., ECF No. 27, PageID.1648-51.) The Court will reduce the claimed attorney fee by $310.00 – the clerical work performed by law clerks.

Finally, the Court agrees with the Commissioner that a reduction in fees claimed for counsel's review of the administrative record is appropriate. Given that counsel in this action represented Springer during the administrative proceedings, some greater level of familiarity with the record is to be expected, and it would appear that the record review could reasonably have been completed in less than the 10.7 hours claimed. But the Court will not reduce the fee for counsel's review of the record by the fifty percent requested by the Commissioner. Instead, the Court concludes that the review of the substantial record here could have reasonably been completed in 8 hours, and the Court will reduce the fee claimed for that review by twenty-five percent. Accordingly, the Court will reduce the claimed fee by $513.95.

These three reductions result in a total reduction of $1,246.43 from the fee request and in a total award of attorneys' fees of $5,825.53. The Court will award the full amount of costs claimed by Springer.

V

For the reasons explained above, Springer's Application for Attorneys' Fees and Costs is **GRANTED IN PART AND DENIED IN PART** as follows. Springer is awarded attorneys' fees in the amount of $5825.53 and costs in the amount of $400.00.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman  
                                              MATTHEW F. LEITMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated: January 4, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 4, 2021, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda  
                                              Case Manager  
                                              (810) 341-9764